UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CREATE-A-PACK FOODS, INC.,
        Plaintiff,

      v.                                     Case No. 20-CV-499

BATTERLICIOUS COOKIE DOUGH COMPANY,
CLAUDIA G. LEVY, and
STEPHEN G. LEVY,
        Defendants.

---

## DECISION AND ORDER

Create-A-Pack Foods, Inc. submitted proposed special verdict questions that the parties now agree pose strictly questions of law that court must resolve. The court now resolves those questions.

Create-A-Pack Foods argues that Batterlicious Cookie Dough Company's claim under Wis. Stat. § 100.18 is barred by a disclaimer in the Terms and Conditions of Sale. That provision, entitled "Limited Warranty," states:

> Products sold are guarantied to be produced in accordance with the formula agreed to by Buyer, and subject to FDA 21 CFR for Manufacturing Low Acid, Acidified Foods plants. If Buyer discovers that any of the products fail to meet the guaranty provided herein, Buyer shall promptly notify Create A Pack and Create A Pack shall reimburse Buyer by means of a refund or credit for the purchase price of the products in question or replace the products, at Create A Pack's option. The foregoing remedy shall be Buyer's sole remedy for failure of the products to comply with the above

guaranty. UNDER NO CIRCUMSTANCES SHALL CREATE A PACK BE LIABLE TO BUYER OR ANY THIRD PARTY FOR ANY DAMAGES WHATSOEVER INCLUDING WITHOUT LIMITATION, DAMAGES FOR LOSS OF BUSINESS, LOST PROFITS, BUSINESS INTERRUPTION, OTHER PECUNIARY LOSS, OR OTHER INCIDENTAL, TORT, ECONOMIC, CONSEQUENTIAL, INDIRECT, SPECIAL, PUNITIVE OR EXEMPLARY DAMAGES ARISING OUT OF THE GUARANTY ABOVE EVEN IF CREATE A PACK OR ITS AFFILIATES HAVE BEEN APPRISED OF THE LIKELIHOOD OF SUCH DAMAGES OCCURRING. EXCEPT AS PROVIDED IN THIS GUARANTY, CREATE A PACK HEREBY DISCLAIMS ANY AND ALL WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE AND ALL OTHER WARRANTIES, EXPRESS OR IMPLIED.

Create-A-Pack Foods' contention that this provision bars any claim by Batterlicious, of any sort, including specifically a claim that Create-A-Pack Foods misrepresented its capabilities prior to Batterlicious first entering into an agreement with Create-A-Pack Foods, is not supported by the text of the disclaimer. The disclaimer is narrow and relates solely to the "guaranty above," which, in general terms, is merely a promise to produce product as set forth in Batterlicious's recipe. The last sentence further disclaims any other warranty, but Batterlicious's claim under Wis. Stat. 100.18 does not sound in warranty, but tort, *see MBI Acquisition Partners, L.P. v. Chronicle Publ'g Co.*, 01-C-177-C, 2001 U.S. Dist. LEXIS 15387, at *14 (W.D. Wis. Sep. 6, 2001). It is a statutory misrepresentation claim related not to the quality of the products that Create-A-Pack Foods produced but rather to the capabilities of Create-A-Pack Foods as a manufacturer. Therefore, Batterlicious's claim under Wis. Stat. § 100.18 is not barred by the Limited Warranty provision of the Terms and Conditions of Sale.

2

Create-A-Pack Foods also alleges that a separate provision in the Levys' personal guaranty bars their personal claim under Wis. Stat. 100.18 against Create-A-Pack Foods. That provision states: "The guarantor waives any right of set-off, recoupment or counterclaim, that he may possess against creditor which guarantor may have against customer."

Create-A-Pack Foods argues that this provision waives any counterclaim that the Levys might have against Create-A-Pack Foods. Again, this contention is not supported by the plain text of the waiver. This provision waives any right the Levys "may have against *customer*." As the first line of the personal guaranty makes clear, the customer is Batterlicious, not Create-A-Pack Foods. The provision means only that the Levys cannot reduce the amount they owe Create-A-Pack Foods based on any amount that Batterlicious owes them. In other words, Create-A-Pack Foods wants to make sure it gets paid first and not get bogged down in any dispute between Batterlicious and the Levys. The waiver provision in the personal guaranty does not bar the Levys' Wis. Stat. 100.18 claim against Create-A-Pack Foods. But, as discussed below, their claim is barred for other reasons.

**Motions for Judgment as a Matter of Law**

Create-A-Pack Foods further moved for a judgment as a matter of law on various grounds and claims.

> After the presentation of evidence, but before the case is submitted to the jury, Rule 50(a) authorizes either party to move for judgment as a matter of law. This standard largely 'mirrors' the summary-judgment standard, the

3

Case 2:20-cv-00499-WED   Filed 06/15/23   Page 3 of 11   Document 98

> difference being that district courts evaluate Rule 50(a) motions in light of the trial record rather than the discovery record.

*Dupree v. Younger*, 143 S. Ct. 1382, ___, 2023 U.S. LEXIS 2203, *5 (2023) (citing *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 250-251 (1986)).

**Claim against the Levys under the personal guaranty.**

With respect to its claim against the Levys for Batterlicious's failure to pay for certain product it received, the court previously granted Create-A-Pack Foods summary judgment against Batterlicious "regarding Batterlicious's breach of the Credit Application for products shipped and received after March 2019 …." *Create-a-Pack Foods v. Batterlicious Cookie Dough Co.*, 590 F. Supp. 3d 1188, 1196 (E.D. Wis. 2022). The court found that, at the summary judgment stage, Create-A-Pack Foods had failed to show that the Levys' personal guaranty remained in effect. *Id.* at 1195.

Evidence at trial filled in the gaps left in the parties' summary judgment submissions. By March of 2019 Batterlicious had ordered and received from Create-A-Pack Foods significant quantities of product but had not paid for all of it. Create-A-Pack Foods was not going to keep providing product to Batterlicious without getting paid. Batterlicious, on the other hand, was frustrated with Create-A-Pack Foods' failure to timely produce product. What emerged was a compromise—the Purchase Order Fulfillment Agreement and related documents. The Purchase Order Fulfillment Agreement called for the Levys and Batterlicious to give Create-A-Pack Foods a promissory note covering the past-due balance. For its part, Create-A-Pack Foods agreed

to make certain future deliveries by certain deadlines, the details of which were set forth in Schedule 1 to the Purchase Order Fulfillment Agreement. The Agreement further provided:

> In the event that CAP fails to produce and make available for delivery the items ordered by Batterlicious pursuant to the delivery schedule set forth on Schedule 1 hereto, the Note, together with all related documents, shall automatically terminate and be of no force and effect without further action by the parties hereto or thereto.

The parties dispute the meaning and import of "the Note, together with all related documents." The defendants insist that this is an expansive provision and that, if they can show that Create-A-Pack Foods was a day late or a case short on any of the orders identified in Schedule 1, it is relieved of any obligation to pay Create-A-Pack Foods for past deliveries or those referenced in Schedule 1. It argues that, not only is the Note null and void, but the obligation to which that note relates to—all payments due under the credit agreement and the appended Terms & Conditions of Sale—is vitiated. So, too, does the Levys' obligation under the personal guaranty go away. It seems that the defendants' argument would include any obligation to pay for any product Batterlicious ordered from Create-A-Pack Foods *after* the date of the Purchase Order Fulfillment, for if the obligation to pay is founded in the Terms & Conditions of Sale, and that agreement is null and void, then there would be no obligation to pay.

Create-A-Pack Foods argues that the above-quoted provision of the Purchase Order Fulfillment Agreement means only that, in the event it fails to perform in

accordance with the terms of Schedule 1, the Note and the documents executed contemporaneously become void. The debt that underlies the Note remains valid, but Create-A-Pack Foods must pursue a traditional breach of contract action regarding the sale of goods to collect. Significantly, any such action would be subject to the defendants' defenses that they are presently asserting relating to the timeliness of deliveries and the quality of the product. Those defenses would have been unavailable to the defendants in any suit to enforce the Note. The personal guaranty, which was entered into nearly a year earlier, was not one of the "related documents." The only documents "related" to the Note were the Business Security Agreement and the Addendum, executed at the same time as the Note.

The court found that the Purchase Order Fulfillment Agreement was unambiguous and that Create-A-Pack Foods' position reflected the correct understanding of the relevant provision. The defendants place much emphasis on the fact that the Agreement referred to related "documents," in the plural, to support their view that the provision must refer to more than just those documents issued contemporaneously with the Purchase Oder Fulfillment Agreement. Setting aside the general principle that the plural should be understood as including the singular (and consequently lawyers sometimes use the singular and plural forms inattentively), it is undisputed that more than one document was executed at the same time as the Note and the Purchase Order Fulfillment Agreement: The General Business Services Agreement

6

and the Addendum to General Business Services Agreement were those two related documents. All these "shall automatically terminate and be of no force and effect" if Create-A-Pack Foods failed to comply with the Purchase Order Fulfillment Agreement.

Although the Levy's personal guaranty was referenced in the Note, the nature of that reference makes clear that it was not a "related document" such that it would terminate in the event that Create-A-Pack Foods failed to meet the delivery requirements set forth in Schedule 1. At the very end of the Note, under a heading "Acknowledgement and Consent," it says, "The undersigned guarantors acknowledge that they have previously provided Lender an Individual Personal Guaranty dated May 8, 2018, that such Guaranty remains valid and in force, and that the obligations evidence by the foregoing Promissory Note are expressly subject to the Guaranty." The Note is then signed by the Levys.

By its plain language, the reference in the Note to the Guaranty reiterates and reaffirms that the Guaranty was *not* affected by this new agreement. Yet the defendants seek to turn this on its head—arguing that, by referring to the Guaranty, it became a "related document" under the Purchase Order Fulfillment Agreement and thus was nullified by any breach by Create-A-Pack Foods of Schedule 1. That understanding is not supported by a plain reading of the documents. Further, any argument that a breach of Schedule 1 negated any other document or agreement between the parties is likewise not supported by a plain reading of the Purchase Order Fulfillment Agreement, the Note, the

7

Case 2:20-cv-00499-WED   Filed 06/15/23   Page 7 of 11   Document 98

General Business Services Agreement, or the Addendum to General Business Services Agreement.

The Levys further argue that a judgment as a matter of law on this issue is inappropriate because they are entitled to assert certain defenses to Create-A-Pack Foods' claim against them, such as that deliveries were not timely or that the product was of a deficient quality. That argument, however, rests on a misunderstanding as to the nature of the claim against the Levys.

The defense that the Levys refer to are defenses to a claim for a breach of contract regarding the sale of goods. Create-A-Pack Foods is not seeking to enforce against the Levys a contract related to the sale of goods. And for good reason: it never sold anything to the Levys. Create-A-Pack Foods' customer was Batterlicious, and it was Batterlicious that was responsible for paying under the sales agreement. Only Batterlicious can assert a contract defense to the obligation to pay for the sale of goods. But the time for Batterlicious to assert any such defense was in response to Create-A-Pack Foods' motion for summary judgment. The court found that Batterlicious had failed to show that there was a dispute of material fact regarding its obligation to pay Create-A-Pack Foods $132,200.36 "for goods delivered between March and May 2019." *Create-a-Pack Foods*, 590 F. Supp. 3d at 1193. That decision closed the book on Batterlicious's defenses to that aspect of Create-A-Pack Foods' breach of contract claim.

8

As to whether the Levys were liable for Batterlicious's debt pursuant to the Guaranty, the only defense the Levys presented at trial was that Create-A-Pack Foods' failure to comply with Schedule 1 nullified the Guaranty. While it remains for the jury to decide whether Create-A-Pack Foods complied with Schedule 1 (and thus whether the Note is enforceable), any failure did not, as a matter of law, nullify the Guaranty. The Levys failed to offer any evidence that could lead the jury to find that their Guaranty was otherwise invalid. Consequently, Create-A-Pack Foods is entitled to judgment as a matter of law with respect to its claim that the Levys are personally liable under the Guaranty for Batterlicious's obligation of $132,200.36 for goods delivered between March and May 2019. In this respect, Create-A-Pack Foods' motion for a judgment as a matter of law is **granted.**

**The Levys' claim under Wis. Stat. § 100.18**

Batterlicious and the Levys asserted claims under Wis. Stat. § 100.18. Create-A-Pack Foods moved for judgment as a matter of law with respect to the Levys' claim, alleging that any misrepresentation was made to the Levys only as corporate representatives of Batterlicious, and any damages were solely Batterlicious's.

The Levys responded that their personal claims under § 100.18 are appropriate because Batterlicious was an S corporation and thus, because revenues passed through the business to them, any damages are essentially theirs.

The Levys' argument represents perhaps a quintessential attempt to have one's cake and eat it, too. The Levys, of course, do not want to be held liable for the debts of Batterlicious. That is why they are fighting so hard to defeat their personal guaranty. And, obviously, but for that personal guaranty, the Levys likely would not be personally liable for any obligation incurred by Batterlicious. *See, e.g.*, Fla. Stat. § 607.083; *Ally v. Naim*, 581 So. 2d 961, 962 (Fla. Dist. Ct. App. 1991) (per curiam) (assessing personal liability of president and sole stockholder of S corporation under Florida law).

But while simultaneously arguing that they are not liable for Batterlicious's debts, they are asserting that, because Batterlicious was an S corporation, they should be able to essentially stand in its shoes to assert its § 100.18 claim and collect any damages due it. Such an argument has no more merit than if Create-A-Pack Foods were to argue that the Levys should be personally liable for Batterlicious's debt by virtue of it having been organized as a Subchapter S corporation. Although the Levys agreed to be personally responsible for Batterlicious's obligations to Create-A- Pack Foods, Create-A-Pack Foods never agreed to allow the Levys to step into the shoes of Batterlicious with respect to any claim of Batterlicious. While the Levys are not liable for Batterlicious's obligations, they also are not able to personally asserts its claims. The Levys have not presented any evidence that they were personally misled (as distinguished from their role as principals of Batterlicious) or that they personally suffered any damages as part of any misrepresentation (as distinct from Batterlicious). Therefore, Create-A-Pack Foods'

10
Case 2:20-cv-00499-WED    Filed 06/15/23    Page 10 of 11    Document 98

motion for a judgment as a matter of law with respect the Levys' claim under Wis. Stat. § 100.18 is **granted**.

**All other plaintiff motions for a judgment as a matter of law**

As to all other aspects of Create-A-Pack Foods' motion for a judgment as a matter of law, the court defers resolution. *See* Fed. R. Civ. P. 50(b); *Dupree*, 2023 U.S. LEXIS 2203, *5-*6.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 15th day of June, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge