UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CREATE-A-PACK FOODS, INC.,

      Plaintiff,

v.                                      Case No. 20-CV-499

BATTERLICIOUS COOKIE
DOUGH COMPANY, et al.,

      Defendants.

# ORDER

Create-A-Pack Foods, Inc., sued Batterlicious Cookie Dough Company and its principals, Stephen G. Levy and Claudia G. Levy, after they failed to pay for hundreds of thousands of dollars worth of edible cookie dough that it manufactured for them. The defendants' attorney moved to withdraw because the defendants failed to pay him. (ECF No. 26.) The court granted the motion (ECF No. 29), and two months later Attorney Kyle B. Hanson appeared on behalf of the defendants (ECF No. 30).

The defendants retained Hanson on a hybrid fee arrangement whereby the defendants agreed to pay Hanson $2,000 per month, pay for all expenses, and pay Hanson 30 percent of any recovery on the defendants' counterclaims. (ECF No. 112-1.)

The defendants immediately breached their agreement with Hanson, paying late and then not at all. (ECF No. 112-1 at 6.) This led to an amendment to the retainer agreement whereby, in lieu of any monthly payment, the defendants agreed that Hanson would receive 75 percent of any recovery. (ECF No. 112-1 at 6.) All other provisions of the original retainer agreement remained in force. (ECF No. 112-1 at 6.)

On June 15, 2023, following a four-day jury trial, the jury returned a verdict fully favorable to Create-A-Pack Foods. Based on the jury's verdict and the court's prior decisions, *Create-a-Pack Foods v. Batterlicious Cookie Dough Co.*, 590 F. Supp. 3d 1188 (E.D. Wis. 2022); *Create-A-Pack Foods, Inc. v. Batterlicious Cookie Dough Co.*, No. 20-CV-499, 2023 U.S. Dist. LEXIS 104069 (E.D. Wis. June 15, 2023), the court dismissed the defendants' counterclaims and entered judgment in favor of the plaintiff and against the defendants in the amount of $569,197.95 (ECF No. 105).

Create-A-Pack Foods then submitted a bill of costs (ECF No. 108) and moved for attorney fees and interest as provided for under the parties' relevant contracts (ECF No. 106). A week later, Attorney Hanson moved to withdraw, stating, "Our agreed-upon services have been rendered: we were hired through trial but not for any appeal or post-trial services, and we have no agreement to perform such services with our client." (ECF No. 109.) The court granted the motion the following day, underscoring that the defendants were now unrepresented, that defendant Batterlicious was not permitted to appear pro se, and that the deadlines for responding to the bill of costs and the pending

motion for attorney fees and interest were unaffected by Attorney Hanson's withdrawal. (ECF No. 111.)

On July 24, 2023, the Levys filed a motion to vacate the court's order granting Attorney Hanson's withdrawal. (ECF No. 112.) They assert that their retention agreement requires Hanson to represent them through the post-trial motions.

According to that agreement, the Levys retained Hanson to represent them "in connection with claims against or relating to Create-A-Pack Foods, Inc. (CAP) or the case 2:20-CV-499-LA pending in the U.S. District Court for the Eastern District of Wisconsin. We understand that [Hanson] is not required to request or file for any sort of appeal, new trial, a trial de novo, or rehearing unless [Hanson]agrees in writing to extend its scope of work." (ECF No. 112-1 at 1, ¶ 1.) In the Levys' view, this provision requires Hanson to respond to Create-A-Pack Foods's bill of costs and motion for interest and attorney fees.

Hanson, however, points to a different provision of the agreement. Paragraph 8 states:

> Defense Only. If our (counter)claims against Create-A-Pack Foods, Inc. (CAP) are dismissed at any time (such as on summary judgment), or if we do not continue pursuing them (such as in an appeal not including such issues) , or if (in the reasonable judgment of [Hanson]) it appears that CAP is out of business, insolvent, or otherwise unlikely to be able to pay the amount sought in the (counter)claims, then any work done thereafter shall be on the basis of hourly fees plus expenses.

(ECF No. 112-1 at 2.)

The counterclaims of the Levys and Batterlicious have been dismissed. (ECF No. 105.) Hanson informed the Levys that any further work would be on an hourly basis of fees plus expenses and demanded an initial retainer of $2,000. (ECF No. 116 at 1-2, ¶ 4.) After initially agreeing to retain Hanson for this additional work, the Levys failed to make any payment. When Hanson warned the Levys that he would withdraw if no payment was received, the Levys still failed to make any payment, and therefore Hanson moved to withdraw.

If an attorney hitches his cart to a losing horse, he is stuck with the consequences of that choice. Attorneys who take cases on the basis of contingency fees must accept sometimes having to work for free. But here Hanson clearly gave himself an out. Once his client's counterclaims (and thus his only means of getting paid) were dismissed, the Levys were required to pay him for his work. The Levys having failed to pay him, Hanson, was entitled to withdraw. Accordingly,

**IT IS THEREFORE ORDERED** that the Levys' "Motion to Vacate Order Granting Withdrawal of Counsel" (ECF No. 112) is **denied**.

**IT IS FURTHER ORDERED** that the Levys' request for additional time to respond to the plaintiff's bill of costs and motion for attorney fees and interest (ECF No. 114) is **granted**. The Levys may respond no later than **August 18, 2023**. Any reply shall be filed no later than **September 1, 2023**.

**IT IS FURTHER ORDERED** that the Clerk shall provide a copy of this order to Attorney Hanson by email.

Dated at Milwaukee, Wisconsin this 1st day of August, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge