UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CREATE-A-PACK FOODS, INC.,

          Plaintiff,

    v.                                    Case No. 20-CV-499

BATTERLICIOUS COOKIE DOUGH COMPANY, et al.,

          Defendants.

## DECISION AND ORDER

### 1. Background

Following a four-day trial, the jury on June 15, 2023, returned a verdict fully favorable to plaintiff Create-A-Pack Foods, Inc. and rejecting the counterclaim of the defendants, Batterlicious Cookie Dough Company, Stephen Levy, and Claudia Levy. The court entered judgment accordingly in the amount of $436,997.59 as well as "$132,200.36 plus service charges of 2% per month from the date of each invoice to the date of payment," (ECF No. 105), the latter portion relating to the court's finding at summary judgment, *Create-a-Pack Foods v. Batterlicious Cookie Dough Co.*, 590 F. Supp. 3d 1188, 1196 (E.D. Wis. 2022).

The court subsequently granted defense counsel's motion to withdraw, and Stephen and Claudia Levy are now proceeding pro se. As a corporation, Batterlicious Cookie Dough Company can proceed only by an attorney, Gen. L.R. 83 (E.D. Wis.), and successor counsel has not appeared on its behalf.

Create-A-Pack Foods has moved for contractual interest and attorney fees. (ECF No. 106.) The Levys responded to the motion (ECF No. 118), and Create-A-Pack Foods replied (ECF No. 120).

2. **Interest**

The jury awarded Create-A-Pack Foods $306,580.75 under the Promissory Note. (ECF No. 102 at 2.) The Promissory Note contains the following provision:

> Interest on the outstanding balance shall be computed at the initial rate of NINE AND ONE-HALF percent (9.5%) per annum. The interest rate shall be adjusted on July 1, 2019, and upon the first (1st) day of October, January, April and July thereafter, to "Prime" plus four percent (4%), with an annual interest ceiling of twelve percent (12%) and a floor of nine percent (9%). Interest shall accrue through December 31, 2019, and be added to the principal as of December 31, 2019 and upon the 31st day of December, thereafter. "Prime" shall be "prime" as designated by *The Wall Street Journal* on the Friday immediately prior to each adjustment date.

(ECF No. 36-2.)

Create-A-Pack Foods states, "Based on this formula, the current principal due and owing is $427,343.37 while the current interest due and owing is $26,727.45." (ECF No. 106 at 2.) It requests that the judgment be amended to reflect "that the principal and

2

Case 2:20-cv-00499-WED   Filed 09/06/23   Page 2 of 7   Document 121

interest presently owed by defendants is, respectively, $427,343.37 and $26,727.45 ...."
(ECF No. 106 at 3.)

The jury also found that the defendants owe $128,242.34 under the Credit Application.[1] The Credit Application contains the following provision:

> CUSTOMER AGREES TO PAY SERVICE CHARGES OF 2% PER MONTH OR THE HIGHEST RATE ALLOWED BY LAW (WHICHEVER IS THE LESSER) FROM THE DUE DATE OF EACH INVOICE TO DATE OF PAYMENT.

(ECF No. 106 at 3.) Create-A-Pack Foods asks that the judgment be amended to state that the $128,242.34 is "subject to services charges of 2% per month from January 23, 2020 (the date of the invoice) to the date of payment." (ECF No. 106 at 3.)

The Levys' only objection to Create-A-Pack Foods' request for interest is to argue that the interest should be offset by the value of Batterlicious's filling and packing machine. (ECF No. 118 at 2-3.) Create-A-Pack Foods has a security interest in the machine and possessed the machine throughout this litigation.

---

[1] As noted at the close of trial, the jury appears to have erred in completing the Special Verdict. Question 5 asked the jury to state the sum that would compensate Create-A-Pack Foods for Batterlicious's failure to pay for product produced by Create-A-Pack Foods. (ECF No. 102 at 2.) Question 7 asked the jury to state the sum that would compensate Create-A-Pack Foods for Batterlicious's failure to pay for the costs that Create-A-Pack Foods incurred regarding materials purchased specifically for Batterlicious. (ECF No. 102 at 3.) The evidence presented at trial was that Create-A-Pack Foods incurred two categories of costs regarding materials purchased specifically for Batterlicious—$128,242.34 in materials and $2,174.50 to dispose of the unusable materials. Rather than combining those figures and stating the total in its answer to Question 7, the jury answered Question 5 with $128,242.34 and Question 7 with $2,174.50. Thus, the total verdict is fully supported by the evidence. The discrepancy is unaddressed in the parties' briefs, and it has not been the subject of any motion.

The Levys offer no authority for their suggestion that a mere security interest may offset the accrual of interest on a debt. Interest accrues until the debt is satisfied, and collateral cannot satisfy a debt until it is disposed of according to law. *Cf.* Wis. Stat. Ch. 409, Subchapter IV. Create-A-Pack Foods could not dispose of the collateral until it obtained a judgment, and it states it will now proceed to dispose of the collateral to partially satisfy the judgment (ECF No. 120 at 1-2). Having rejected the defendants' only objection, Create-A-Pack Foods is entitled to the interest it seeks and the judgment will be amended accordingly.

3. **Attorney Fees**

Under the Promissory Note Batterlicious agreed "to pay all reasonable out-of-pocket costs of collection, including reasonable attorney's fees." (ECF No. 103 at 3 (quoting ECF No. 72 at 16).) The Credit Application and the Levy's Personal Guaranty called for "collection and/or attorneys fees of 25% of the amount owed." (ECF No. 106 at 4 (quoting ECF No. 72 at 9, 14).)

Create-A-Pack Foods seeks $76,819.50 in attorney fees for 289.8 hours of work. (ECF No. 106 at 4.) It further seeks $10,302.28 for related expenses, "including Westlaw legal research and database fees of $1,086.95, document preparation fees of $316.50, expert witness fees of $8,665.00, attorney travel and parking expenses of $56.68, and publicly available database report fees of $177.15." (ECF No. 106 at 4.)

The Levys offer largely unsupported rote objections—the fees are excessive and unreasonable; the submitted documentation is insufficient to support the claim; there was impermissible block billing; and the time entries are vague. But they do not point to specific examples of these alleged problems other than to claim that every redaction on the billing records resulted in that entry being impermissibly vague. Although the court ordinarily will broadly construe the filings of pro se litigants, Stephen Levy is a retired attorney who testified at trial that he is experienced in complex litigation.

"[F]ee-shifting contracts require 'reimbursement for commercially-reasonable fees no matter how the bills are stated.'" *Matthews v. Wis. Energy Corp.*, 642 F.3d 565, 572 (7th Cir. 2011) (quoting *Medcom Holding Co. v. Baxter Travenol Lab., Inc.*, 200 F.3d 518, 520 (7th Cir. 1999)). Unlike statutory fee-shifting cases, in a contractual fee shifting case the court is not required "to engage in 'detailed, hour-by-hour review' of a prevailing party's billing records." *Id.* (quoting *Medcom*, 200 F.3d at 521); *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 774 (7th Cir. 2010) ("as a matter of the efficient and fair administration of the federal courts, individual scrutiny of line-item entries is neither necessary nor appropriate in contractual fee-shifting cases"). "[T]he commercial reasonableness of an award pursuant to a contractual fee shift should be determined with reference to 'the aggregate costs in light of the stakes of the case and opposing party's litigation strategy.'" *Johnson Controls, Inc. v. Edman Controls, Inc.*, 712 F.3d 1021, 1027 (7th Cir. 2013) (quoting *Matthews*, 642 F.3d at 572). The lodestar method, applicable

5
Case 2:20-cv-00499-WED   Filed 09/06/23   Page 5 of 7   Document 121

in statutory fee shifting cases, is inapplicable unless the parties' contract calls for its application. *Id*.

Because counsel for Create-A-Pack Foods_represents that Create-A-Pack Foods has paid the relevant invoices (ECF No. 107, ¶ 4), a presumption arises that the fees were commercially reasonable. *See Metavante*, 619 F.3d at 775; *Matthews*, 642 F.3d at 572.

Independent of that presumption, the court finds the claimed charges to be commercially reasonable. This action took more than three years and encompassed an unsuccessful attempt at mediation (ECF No. 25), the withdrawal of the defendants' first attorney (ECF No. 29), messy briefing regarding the parties' cross motions for summary judgment, a defense motion to amend their counterclaim (ECF No. 66), Create-A-Pack Foods' motion to file an amended complaint, another defense motion to amend their counterclaim (ECF No. 73), Create-A-Pack Foods' motion for judgment on the pleadings (ECF No. 78), and repeated defense motions to delay the trial (ECF Nos. 62, 82, 94). There were multiple depositions, and each side had at least one expert. The case required eight conferences with the court (ECF No. 14, 28, 31, 63, 64, 70, 85, 96) and a four-day jury trial. All told, if there is anything remarkable about the costs and fees incurred is the fact that they were as modest as they were.

The invoices reflect the sort of detail that would be acceptable to a reasonable client. Even considering the redactions, they are neither vague nor reflective of impermissible block billing. The submitted documentation—namely, the invoices and

supporting declaration of counsel--is sufficient to support the claimed sums. Contrary to the Levys' implication (ECF No. 118 at 2), the fact that certain claimed sums predate the initiation of this suit is neither problematic nor unexpected. Because the claimed sums are well-supported and commercially reasonable, Create-A-Pack Foods is entitled to its claimed fees and expenses in their entirety.

**IT IS THEREFORE ORDERED** that Create-A-Pack Foods' "Motion for Contractual Interest and Attorney's Fees" (ECF No. 106) is **granted**. The Clerk shall amend the judgment to add that:

- With respect to the Promissory Note, the principal due and owing is $427,343.37 while the current interest due and owing is $26,727.45.

- With respect to the Credit Application the $128,242.34 is subject to services charges of 2% per month from January 23, 2020 (the date of the invoice) to the date of payment.

- Create-A-Pack Foods is awarded $76,819.50 in attorney fees awarded $10,302.28 in expenses.

Dated at Milwaukee, Wisconsin this 6th day of September, 2023.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge